IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARIA THERESE RICKS,           )   CIV. NO. 16-00044 HG-KSC
Individually and as Guardian   )
Ad Litem for her minor son,    )
M.R.,                          )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
KATHRYN MATAYOSHI, in her      )
official capacity as           )
Superintendent of the State of )
Hawaii Department of           )
Education; JOY YOSHIMURA;       )
JEFFREY SHITAOKA; MARIE IKEDA;  )
JODY YAMAUCHI-OKU; JENNY        )
ZABOORI; JOANNE ALLAGONEZ;      )
KASEY ARITA; JOHN DOES 1-10,    )
                               )
          Defendants.          )
                               )
_____

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS
KATHRYN MATAYOSHI, JOY YOSHIMURA, JEFFREY SHITAOKA, MARIE
INOUYE (IKEDA), JODY YAMAUCHI-OKI, JOANNE ALLAGONEZ, AND KASEY
ARITA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 40)**

**and**

**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO
LIABILITY OF DEFENDANTS KATHRYN MATAYOSHI, IN HER OFFICIAL
CAPACITY AS SUPERINTENDENT OF THE STATE OF HAWAII DEPARTMENT
OF EDUCATION, JOY YOSHIMURA AND JEFFREY SHITAOKA
(ECF No. 43)**

Plaintiff Maria Therese Ricks, individually and on behalf

of her minor son, M.R., filed a Complaint against the

Superintendent Kathryn Matayoshi of the State of Hawaii

1

Department of Education and various employees of the Department of Education.

Plaintiff claims that her minor son, M.R., who has Autism Spectrum Disorder, was denied meaningful access to a public education on account of his disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Plaintiff brings her Rehabilitation Act claim against Superintendent Matayoshi and numerous employees of the Department of Education in their official capacities.

Plaintiff also asserts state law tort claims of assault and battery against Defendant Joy Yoshimura.

Finally, Plaintiff alleges state law claims of negligent infliction of emotional distress against the eight individual named Defendants.

All Defendants, with the exception of Defendant Jenny Zaboori, filed a Motion for Summary Judgment against Plaintiff as to all claims.

Plaintiff filed a partial Motion for Summary Judgment as to the issue of liability for Defendants Kathyrn Matayoshi, Joy Yoshimura, and Jeffrey Shitaoka.

Defendants Kathryn Matayoshi, Joy Yoshimura, Jeffrey Shitaoka, Marie Inouye (Ikeda), Joy Yamauchi-Oki, Joanne Allagonez, and Kasey Arita's Motion for Summary Judgment (ECF

No. 40) is **GRANTED, IN PART, AND DENIED, IN PART**.

Plaintiff's Motion for Summary Judgment (ECF No. 43) is **DENIED**.


## PROCEDURAL HISTORY

On February 3, 2016, Plaintiff filed a Complaint.  (ECF No. 1).

On the same date, Plaintiff filed an EX PARTE MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM.  (ECF No. 3).

On February 19, 2016, the Magistrate Judge issued an ORDER APPOINTING A GUARDIAN AD LITEM.  (ECF No. 8).

On February 22, 2016, Plaintiff filed a FIRST AMENDED COMPLAINT.  (ECF No. 9).

On June 30, 2016, Plaintiff filed an EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE FIRST AMENDED COMPLAINT ON DEFENDANT JENNY ZABOORI.  (ECF No. 19).

On July 7, 2016, the Magistrate Judge held a hearing and granted, in part, and denied, in part, Plaintiff's Motion for Extension of Time to Serve Defendant Zaboori.  (ECF No. 21).

On December 14, 2016, Defendants Kathyrn Matayoshi, Joy Yoshimura, Jeffrey Shitaoka, Marie Ikeda, Jody Yamauchi-Oku, Joanne Allagonez, and Kasey Arita filed a MOTION FOR SUMMARY

JUDGMENT (ECF No. 40) and a CONCISE STATEMENT OF MATERIAL

FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. (ECF No.

41).

On the same date, the Defendants filed a MOTION FOR LEAVE

TO FILE EXHIBITS UNDER SEAL (ECF No. 42), which was granted

(ECF No. 46).

Also on December 14, 2016, Plaintiff filed a MOTION FOR

SUMMARY JUDGMENT AS TO LIABILITY OF DEFENDANTS KATHRYN

MATAYOSHI, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF THE

STATE OF HAWAII DEPARTMENT OF EDUCATION, JOY YOSHIMURA AND

JEFFREY SHITAOKA. (ECF No. 43) along with a CONCISE STATEMENT

OF MATERIAL FACTS. (ECF No. 44).

On January 12, 2017, Plaintiff filed PLAINTIFF MARIA

THERESE RICKS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY

JUDGMENT (ECF No. 50) and PLAINTIFF MARIA THERESA RICKS'

CONCISE STATEMENT OF MATERIAL FACTS IN OPPOSITION TO

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. (ECF No. 51).

On January 18, 2017, the Court issued a Minute Order

instructing Plaintiff to file a document clarifying her

Concise Statement in Opposition. (ECF No. 53).

On January 20, 2017, Plaintiff filed a document

clarifying her Concise Statement in Opposition. (ECF No. 56).

Also on January 20, 2017, Defendants Kathryn Matayoshi,

4

Joy Yoshimura, Jeffrey Shitaoka, Marie Ikeda, Jody Yamauchi-Oku, Joanne Allagonez, and Kasey Arita filed their MEMORANDUM IN OPPOSITION (ECF No. 54) and CONCISE STATEMENT IN OPPOSITION.  (ECF No. 55).

On January 24, 2017, the Court issued a Minute Order instructing Defendants to file the evidence referenced in their Concise Statement in Opposition.  (ECF No. 57).

On January 26, 2017, the Defendants filed their evidence cited in their Concise Statement in Opposition.  (ECF No. 63).

On February 3, 2017, Defendants Kathryn Matayoshi, Joy Yoshimura, Jeffrey Shitaoka, Marie Ikeda, Jody Yamauchi-Oku, Joanne Allagonez, and Kasey Arita filed their REPLY to Plaintiff's Opposition to their Motion for Summary Judgment.  (ECF No. 66).

On February 14, 2017, Plaintiff filed her Reply to Defendants' Opposition to her Motion for Summary Judgment.  (ECF No. 68).

On February 28, 2017, the Court held a hearing on the Parties' Motions for Summary Judgment.  (ECF No. 98).

## **BACKGROUND**

Plaintiff Maria Therese Ricks' son, M.R., was diagnosed with Autism Spectrum Disorder in July 2012, when he was three

years-old.   (Declaration of Maria Therese Ricks ("Ricks Decl.") at ¶ 3, attached to Pla.'s Concise Statement of Facts ("CSF"), ECF No. 44-1).   A year later, in August 2013, M.R. began attending Koko Head Elementary School, a public school operated by the State of Hawaii Department of Education. (Deposition of Plaintiff Maria Therese Ricks ("Ricks Depo.") at p. 10, attached to Def.'s CSF, ECF No. 41-2).

From August 2013 until October 2015, M.R. attended the special education preschool class that was taught by Defendant Joy Yoshimura ("Ms. Yoshimura").   (Interview of Joy Yoshimura at pp. 1-2, attached as Ex. H to Def.'s CSF, ECF No. 41-10). Ms. Yoshimura is the Department Head of Special Education at Koko Head Elementary School and has worked at the school for approximately twenty years. (Deposition of Joy Yoshimura ("Yoshimura Depo.") at pp. 6-9, attached as Ex. K to Pla.'s CSF, ECF No. 44-14).

The case involves the use of a specialized chair in Ms. Yoshimura's classroom as an aid to assist M.R.'s physical needs.   Ms. Yoshimura states she utilized a Rifton chair to allow M.R. to be able to physically sit up and participate in learning activities.   (Id. at pp. 12-13, 17).   The chair is a solid wooden chair that has armrests and a back to support the child's body.   (Id. at p. 13).   The chair also has a seat

belt.  (Id.)

Plaintiff characterizes the use of the chair as a "restraint." (First Amended Complaint at ¶ 15-16, ECF No. 9). Plaintiff alleges that the chair was used as a "punishment." (Ricks Decl. at ¶ 8, ECF No. 44-1).

According to M.R.'s Individualized Education Program ("IEP"), when he began school in August 2013, he was a problem feeder who would only eat McDonalds' chocolate chip cookies and would consume milk and Similac formula. (October 15, 2013 IEP, attached as Ex. C to Pla.'s CSF, ECF No. 44-6; Yoshimura Interview at p. 2, ECF No. 41-10; Occupational Therapy Report at p. 7-8, ECF No. 44-10). M.R. had difficulty in class because he was lethargic and weak due to his poor diet and sleep deprivation. (Yoshimura Depo. at pp. 16, 19-20, ECF No. 44-14). Ms. Yoshimura stated that M.R. was forced to have his occupational therapy and speech therapy while he was laying on the ground because he was so weak from not eating, drinking, and sleeping. (Yoshimura Interview at p. 2, ECF No. 41-10).

Ms. Yoshimura stated that the chair was used once or twice a week to assist M.R. from April 2014 to June 2014. (Yoshimura Depo. at p. 34, ECF No. 41-5). The chair allowed M.R. to sit up safely for lessons and to eat at the table without falling forward due to his lethargy and weakness.

(Yoshimura Depo. at pp. 17, 27, ECF No. 44-14).

Ms. Yoshimura testified that the seat belt on the chair was used for M.R.'s safety. (Id. at p. 19). Ms. Yoshimura stated that M.R. had fallen out of normal chairs because there were no armrests to support his body and the seat belt was used to prevent M.R. from falling to the floor. (Id.) Ms. Yoshimura explained that M.R. was never left alone in the chair and there was always an adult by his side when he was in the chair. (Id. at p. 17-18). Ms. Yoshimura testified that the seat belt was used on the chair no more than ten times. (Yoshimura Depo. at p. 34, ECF No. 41-5).

In June 2014, M.R. was seated in the chair with the seat belt during an end of the year ceremony at the school. (Id. at p. 32). An adult was seated next to M.R. for the duration of the ceremony. (Id.; Photograph of M.R. in the chair, ECF No. 47-2).

Plaintiff testified that she observed M.R. seated in the chair at the June 2014 ceremony and photographed him using the chair. (Ricks Depo. at pp. 32-34, ECF No. 41-2). Plaintiff testified that she did not object to the use of the chair at the ceremony, remove M.R. from the chair at the ceremony, or tell any employee of the Hawaii Department of Education that she had any concerns about the use of the chair. (Id. at pp.

8

32-34).

Ms. Yoshimura said the chair was no longer needed for M.R. during the 2014-2015 school year, as M.R. had the strength to support himself. (Yoshimura Depo. at p. 29, ECF No. 44-14; Yoshimura Interview at p. 3, ECF No. 41-10). Ms. Yoshimura testified that after school resumed in the fall of 2014, the seat belt was clipped to the back of the chair and not used. The chair became just another piece of furniture in the classroom. Both M.R. and other children enjoyed sitting in the chair. No other chair in the classroom had arms. (Yoshimura Depo. at p. 34-36, ECF No. 41-5).

The Parties do not agree as to when the chair was first used. Plaintiff states that she believes the chair was first used in the classroom in the fall of 2013 and that she spoke to a Ms. Brooke and Ms. Yoshimura about it. (Ricks Depo. at p. 30, ECF No. 41-2). Plaintiff's testimony about the chair first being used in the fall of 2013 is contradicted by Ms. Yoshimura's deposition testimony that she did not obtain the chair until April 2014. (Yoshimura Depo. at pp. 12-13, ECF No. 44-14).

Plaintiff disputes Ms. Yoshimura's claim that the chair was used for M.R.'s safety. (Id. at p. 19). Plaintiff stated in her Declaration that M.R. has "never been so weak from lack

of food that he could not sit in a chair safely." (Ricks Decl. at ¶ 15, ECF No. 44-1).

There is a dispute of fact as to when Plaintiff first objected to the use of the chair. Plaintiff claims she objected to its use in November 2014. (Ricks Depo. at p. 35, ECF No. 41-2). The State of Hawaii Defendants claim that Plaintiff first objected to the use of the chair at the January 2015 Individualized Education Program Meeting. (Yoshimura Depo. at pp. 24-25, ECF No. 44-14).

In February 2015, the chair was removed from Ms. Yoshimura's classroom due to Plaintiff's request. (Id. at p. 30). Eight months later, in October 2015, Plaintiff withdrew M.R. from Koko Head Elementary School and he began attending private school at the Pacific Autism Center. (Ricks Depo. at p. 11, ECF No. 41-2).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916

(9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for

trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co.,

121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Plaintiff Maria Therese Ricks, on behalf of herself and as guardian ad litem for her minor son M.R., brings three causes of action.[1]

First, Plaintiff alleges that M.R. was denied meaningful access to a public education on account of his disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff states the first cause of action against each of the eight Defendants in their official capacities:

> Defendant Kathryn Matayoshi, in her official capacity as Superintendent of the State of Hawaii Department of Education ("Superintendent

---

[1] At the hearing on February 28, 2017, Plaintiff agreed that there can be no individual liability against the Defendants in their personal capacities pursuant to Section 504 of the Rehabilitation Act as held in Toguchi v. Matayoshi, Civ. No. 13-00380 DKW-KSC, 2014 WL 7420003, *4-*5 (D. Haw. Dec. 31, 2014). The Second Cause of Action in the First Amended Complaint was dismissed. (Hearing Minutes at p. 4, ECF No. 96).

Plaintiff withdrew her request for injunctive relief and conceded that punitive damages are not available for claims brought pursuant to Section 504 of the Rehabilitation Act as stated in Mark H. v. Hamamoto, 620 F.3d 1090, 1097 n.7 (9th Cir. 2010).

The State of Hawaii Defendants conceded that sovereign immunity is inapplicable in this case in light of the Ninth Circuit Court of Appeals' decision in Vinson v. Thomas, 288 F.3d 1145, 1151 (9th Cir. 2002).

Matayoshi");

Defendant Joy Yoshimura, M.R.'s preschool teacher and Director of Special Education and Koko Head Elementary School ("Ms. Yoshimura");

Jeffrey Shitaoka, Principal of Koko Head Elementary School ("Principal Shitaoka");

as well as the following Defendants who Plaintiff alleges to have been employed by the Hawaii Department of Education:

Marie Ikeda; Jody Yamauchi-Oku; Jenny Zaboori; Joanne Allagonez; and, Kasey Arita.

Plaintiff alleges that Defendant Zaboori was an occupational therapist who was an employee of the Hawaii Department of Education in her First Amended Complaint. (First Amended Complaint at p. 4, ECF No. 9).

The State of Hawaii states, in its Motion, that Defendant Zaboori provided occupational therapy services to the Hawaii Department of Education pursuant to a contract and was not its employee. (Def.'s Motion for Summary Judgment at p. 3, ECF No. 40-1).

Plaintiff Zaboori was served with the First Amended Complaint but has not appeared in the case. (Proof of Service at p. 3, ECF No. 25). The Parties have not provided any evidence regarding her employment relationship with the State of Hawaii.

Second, Plaintiff alleges claims for state law assault

and battery against Ms. Yoshimura.

Third, Plaintiff alleges state law negligent infliction of emotional distress claims against the eight individual Defendants: Superintendent Matayoshi, Ms. Yoshimura, Principal Shitaoka, and Marie Ikeda, Jody Yamauchi-Oku, Jenny Zaboori, Joanne Allagonez, and Kasey Arita.

## I.   Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 Against Defendant Kathryn Matayoshi, in her Official Capacity as Superintendent of the State of Hawaii Department of Education

As an initial matter, Plaintiff brings her Rehabilitation Act claims against both Defendant Kathyrn Matayoshi, in her official capacity as Superintendent of the State of Hawaii Department of Education, and the various employees of the Hawaii Department of Education in their official capacities.

An official-capacity suit is to be treated as a suit against the entity, in this case the State of Hawaii Department of Education.   See Kentucky v. Graham, 473 U.S. 159, 166 (1985).   The State of Hawaii Department of Education is the real party in interest for the claims in the first cause of action against Superintendent Matayoshi and all of the other Hawaii Department of Education employees sued in their official capacities.   Id.; (First Amended Complaint at p. 8, ECF No. 9).

15

The Rehabilitation Act claims against Defendants Yoshimura, Shitaoka, Ikeda, Yamauchi-Oku, Allagonez, and Arita in their official capacities as employees of the Hawaii Department of Education are **DISMISSED** as they are duplicative of the Rehabilitation Act claim against Defendant Matayoshi in her official capacity as Superintendent of the State of Hawaii Department of Education.  Melendres v. Arpaio, 784 F.3d 1254, 1260 (9th Cir. 2015); Wong v. City and Cnty. Of Honolulu, 333 F.Supp.2d 942, 947 (D. Haw. 2004).

## A.   Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act provides, as follows:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a).

Section 504 of the Rehabilitation Act applies to the State of Hawaii Department of Education because it is a public school system that receives federal funding.  29 U.S.C. § 794(b)(2)(B); Mark H. v. Hamamoto, Civ. No. 00-00282 LEK-RLP, 849 F.Supp.2d 990, 1000 (D. Haw. 2012).

Section 504 of the Rehabilitation Act contains an implied private right of action for damages to enforce its provisions. Mark H. v. Lemahieu, 513 F.3d 922, 935 (9th Cir. 2008).

To prevail on a Section 504 claim, a plaintiff must show:

(1)  he is a qualified individual with a disability;

(2)  the school receives federal financial assistance; and,

(3)  he was excluded from participating in, denied the benefits or services of, or subject to discrimination at the school solely by reason of his disability.

A.G. v. Paradise Valley Unified School Dist. No. 69, 815 F.3d 1195, 1204 (9th Cir. 2016); Doe v. State of Hawaii Dep't of Education, 351 F.Supp.2d 998, 1012 (D. Haw. 2004).

To receive damages pursuant to Section 504, a plaintiff must show the public entity acted with intent to deny him the benefits of a public education.  T.B. ex rel. Brenneise v. San Diego Unified School Dist., 806 F.3d 451, 467 (9th Cir. 2015). Intent is demonstrated by showing either intentional discrimination or deliberate indifference.  Mark H. v. Hamamoto, 620 F.3d 1090, 1097-98 (9th Cir. 2010).

Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.  A.G., 815 F.3d at 1204 (citing Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135

(9th Cir. 2001)).

The Parties do not dispute that M.R. is a qualified individual who suffers from a disability defined by the Act, specifically Autism Spectrum Disorder.  (Def.'s Opp. at p. 3, ECF No. 54).

Plaintiff claims M.R. was denied meaningful access to a public education at Koko Head Elementary School on the basis of his Autism Spectrum Disorder.

A plaintiff may demonstrate the third prong of a Rehabilitation Act claim by showing that he was denied services that he needed to enjoy meaningful access to the benefits of a public education.  Mark H., 620 F.3d at 1097-98.

In the alternative, a plaintiff may demonstrate that he was denied meaningful access to education by showing a violation of a law or regulation that implements Section 504's prohibitions.  A.G., 815 F.3d at 1204 (citing Lemahieu, 513 F.3d at 938-39)); T.B., 806 F.3d at 468.

Here, the question is has M.R. been denied meaningful access to the benefits of a public education?

## 1.    Alleged Violation of State Law

The Ninth Circuit Court of Appeals has held that a plaintiff may establish a violation of Section 504 of the

Rehabilitation Act by demonstrating that the school district failed to comply with the minimum standards set by the State and was deliberately indifferent to the need to meet the State standards.  T.B., 806 F.3d at 468.

In Plaintiff's Opposition to Defendants' Motion for Summary Judgment, she relies on a recently enacted Hawaii State statute regarding the use of restraints in public schools in attempt to advance her Rehabilitation Act claim. (Pla.'s Opp. at p. 13, ECF No. 50; Act 2016 (2014), attached as Ex. G to Pla.'s CSF in Opp., ECF No. 51-10).

Plaintiff cites to House Bill 1796, signed into law on July 2, 2014, as Act 206 (2014), and codified in Haw. Rev. Stat. §§ 302A-1141.3-.4, with an effective date of August 1, 2016.  2014 Haw. Laws Act 206 (H.B. 1796).  Act 206 was passed in 2014 but did not come into effect until August 1, 2016, almost a year after M.R. stopped attending public school. (Pla.'s Opp. at pp. 13-14, ECF No. 50).

Plaintiff may not rely on the newly enacted Hawaii statute as it was not in effect at the time M.R. was enrolled in Hawaii public school.  Act 206, codified at Haw. Rev. Stat. §§ 302A-1141.3-.4, is not relevant to this case.  Plaintiff has not identified legal support for a minimum standard for use of the chair in Hawaii public schools prior to August

2016.

Haw. Rev. Stat. §§ 302A-1141.3-.4, which came into effect on August 1, 2016, does not recite standards for use of restraints by the Hawaii Department of Education.  Part of the statute, Haw. Rev. Stat. § 302A-1141.4(c), provides that the Hawaii State Board of Education "shall establish a policy regarding the use of restraint in public schools and the procedures to be followed," including notification to parents.

Plaintiff acknowledges there was no written policy that was put in place by the Hawaii Department of Education before the enactment of § 302A-1141.3-.4.  Nor has the State of Hawaii yet provided Administrative Regulations for use of physical restraints by the Hawaii Department of Education. The policy requirements of § 302A-1141.4(c) remain to be fully implemented.

Plaintiff has not identified a minimum standard for use of restraints in public schools prior to the 2016 law in her Motion.

The Hawaii state statute that went into effect in August 2016 is inapplicable in this case and cannot be used to demonstrate a violation of Section 504 of the Rehabilitation Act.

## 2.  Alleged Violation of Federal Regulation

Plaintiff claims in her First Amended Complaint that the Hawaii Department of Education violated 34 C.F.R. § 104.33(b)(1)(i).[2]   (First Amended Complaint at ¶ 32, ECF No. 9).

34 C.F.R. § 104.33(b)(1)(i) requires that the educational needs of handicapped students must be met as adequately as the needs of nonhandicapped students.   Pursuant to this regulation, school districts must design educational programs for disabled students that are intended to meet their education needs to the same degree that the needs of nondisabled students are met.   Lemahieu, 513 F.3d at 936-37.

Plaintiff asserts that M.R.'s needs were violated because he was "restrained" when Ms. Yoshimura used a chair with a seat belt as an aid to support his body.

The undisputed record demonstrates that M.R. was a

---

[2] 34 C.F.R. § 104.33(b)(1)(i) provides, as follows:

> (b) Appropriate education.
>
>> (1)  For the purpose of this subpart, the provision of an appropriate education is the provision of regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met.

21

problem feeder that caused him weakness and lethargy, when he
began preschool in August 2013.  (October 2013 IEP at p. 5,
attached as Ex. C to Pla.'s CSF, ECF No. 44-6; Occupational
Therapy Report dated September 2013, attached as Ex C to
Def.'s CSF, ECF No. 47-1).

Plaintiff's occupational therapy records stated that he
"presented with decreased muscle tone, often leaning his body
on the ground and propping against the wall a person or the
pillow...did not tolerate sitting in a chair and either sat at
floor level or engaged in tabletop tasks at standing level.
(Occupational Therapy Evaluation, attached as Ex. G to Pla.'s
CSF, ECF No. 44-10).  The summary contained in the
occupational therapy report stated as follows:

> In terms of posture, [M.R.] would benefit from a
> range of seating options that provide support,
> postural stimulation and strengthening such as a
> wiggle seat, ball chair, peanut ball, etc.  He will
> also benefit from engaging in therapeutic activities
> to increase core and proximal strength for sustained
> sitting.

(Id. at p. 14).

Ms. Yoshimura testified that because of M.R.'s physical
weaknesses, he needed physical support from the chair in order
to increase table time.  The support allowed him to eat, or
have his speech therapy and occupational therapy sessions
while sitting.  (Yoshimura Depo. at p. 16, ECF No. 44-14).

The Parties dispute material facts that do not allow the Court to make a finding as to Plaintiff's Rehabilitation Act claim at the summary judgment stage.

The Parties dispute the purpose for placing M.R. in the Rifton chair.  (Yoshimura Depo. at p. 19, ECF No. 44-14; Pla.'s CSF in Opp. at ¶ 9, ECF No. 51; Ricks Decl. at ¶ 15, ECF No. 44-1).  There are disputes of fact as to when the chair was used in the classroom, when Plaintiff became aware of the use of the chair, and as to when Plaintiff informed the Department of Education that she objected to the use of the chair.

## B.    Deliberate Indifference

To receive damages pursuant to Section 504, a plaintiff must show the public entity acted with intentional discrimination or deliberate indifference to deny him the benefits of a public education.  <u>T.B.</u>, 806 F.3d at 467; <u>Mark H.</u>, 620 F.3d at 1097.

Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.  <u>A.G.</u>, 815 F.3d at 1204 (citing <u>Duvall</u>, 260 F.3d at 1135).

The material disputes of fact in the record do not allow

the Court to make a finding as to deliberate indifference.

Plaintiff disputes the Department of Education's claim that the chair was used to physically support M.R. out of safety concerns.  Plaintiff characterizes the chair use as a "restraint".  There are factual disputes that prevent summary judgment as to Plaintiff's Rehabilitation Act claim against the Department of Education.

Defendants' Motion for Summary Judgment (ECF No. 40) as to Plaintiff's first cause of action pursuant to Section 504 of the Rehabilitation Act against Defendant Kathryn Matayoshi in her official capacity as Superintendent of the State of Hawaii Department of Education is **DENIED**.

Plaintiff's Motion for Summary Judgment (ECF No. 43) as to her first cause of action pursuant to Section 504 of the Rehabilitation Act against Defendant Kathryn Matayoshi in her official capacity as Superintendent of the State of Hawaii Department of Education is **DENIED**.

## II. Section 504 of the Rehabilitation Act Claim Against Jenny Zaboori

Defendant Jenny Zaboori is alleged to have been employed by the Hawaii Department of Education as an occupational therapist.  (First Amended Complaint at ¶ 7, ECF No. 9).

24

The State of Hawaii disputes the allegation.  The State of Hawaii states that it does not represent Defendant Zaboori because she is not a State of Hawaii employee.  The State claims Ms. Zaboori provided occupational therapy services at Koko Head Elementary School pursuant to a contract.  (Def.'s Motion for Summary Judgment at p. 3, ECF No. 40-1).

The Parties have not addressed claims against Defendant Zaboori in their Motions for Summary Judgment.  A review of the record, however, demonstrates that Plaintiff is unable to bring a Rehabilitation Act claim against Defendant Zaboori.

## A. Defendant Zaboori Not Liable in Her Official Capacity

To the extent Plaintiff asserts her Rehabilitation Act claim against Defendant Zaboori in her official capacity as an employee of the State of Hawaii, her claim is dismissed as it is duplicative of her claim against Defendant Superintendent Matayoshi in her official capacity.  See Carnell v. Grimm, 872 F.Supp. 746, 752 (D. Haw. 1994).

Plaintiff has not moved for summary judgment against any other entity that may have employed Defendant Zaboori.  To the extent Defendant Zaboori may have been employed by an entity other than the State of Hawaii Department of Education, Plaintiff has not put forward any evidence that Defendant

25

Zaboori's employer constitutes "any program or activity receiving Federal financial assistance" that would be liable under the Rehabilitation Act.   29 U.S.C. § 794(a).

## B.   Defendant Zaboori Not Liable in Her Individual Capacity

Plaintiff is unable to bring her Rehabilitation Act claim against Defendant Zaboori in her individual capacity.   The majority of federal courts have held that the Rehabilitation Act liability is limited to a "program or activity" that receives Federal funding.   See Garcia v. S.U.N.Y. Health Scis. Ctr., 280 F.3d 98, 107 (2d Cir. 2001); Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999); Hiler v. Brown, 177 F.3d 542, 546-47 (6th Cir. 1999).

Federal District Court decisions in the District of Hawaii have agreed and found that a defendant cannot be liable in his or her individual capacity for a claim brought pursuant to Section 504 of the Rehabilitation Act.   Toguchi v. Matayoshi, Civ. No. 13-00380 DKW-KSC, 2014 WL 7420003, *4 (D. Haw. Dec. 31, 2014); Doe v. State of Hawaii Dep't of Ed., Civ. No. 00-00044 ACK-KSC, 351 F.Supp.2d 998, 1010 (D. Haw. 2004); see Jeffries v. Albert, Civ. No. 09-00156 JMS-KSC, 2009 WL 4064799, *5 (D. Haw. Nov. 24, 2009).

Plaintiff may not invoke 42 U.S.C. § 1983 in an attempt to bring a claim against Defendant Zaboori in her individual capacity for a violation of Section 504 of the Rehabilitation Act.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (citing Lollar v. Baker, 196 F.3d 603, 609 (5th Cir. 1999); Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997)).

Plaintiff's Rehabilitation Act claim against Defendant Zaboori is **DENIED**.

## III.     Assault and Battery Against Defendant Yoshimura

### Assault

A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact.  Mukaida v. State of Hawaii, 159 F.Supp.2d 1211, 1223 (D. Haw. 2001) (citing Restatement (Second) of Torts § 21).

### Battery

A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs.  Mukaida, 159 F.Supp.2d at 1223; Williams v. Aona, 210

27

P.3d 501, 513 (Haw. 2009).

Plaintiff asserts that Ms. Yoshimura, acting in her individual capacity, assaulted and battered M.R. and caused him to suffer physical injuries and severe emotional distress. (First Amended Complaint at p. 9, ECF No. 9).

Ms. Yoshimura seeks summary judgment on Plaintiff's claims for assault and battery on two bases: implied consent and qualified privilege.

A.   Implied Consent

Defendant Yoshimura argues that she is entitled to summary judgment on Plaintiff's assault and battery claims because Plaintiff gave implied consent for the use of the chair.  Plaintiff observed M.R. using the chair with the seat belt at the June 2014 ceremony.  Plaintiff did not object to its use, remove M.R. from the chair, or tell any employee of the Department of Education that she had a problem with the use of the chair.  Ms. Yoshimura argues that Plaintiff's conduct constitutes implied consent.  The Court agrees.

Consent is a defense to both assault and battery. Mukaida, 159 F.Supp.2d at 1223 (citing Burrows v. Hawaiian Trust Co., 417 P.2d 816, 821 (Haw. 1966)). Implied consent is a form of consent that is inferred from one's conduct rather than from one's direct expression.  Sam K. Ex rel. Diane C. v.

Hawaii Dept. Of Educa., 788 F.3d 1033, 1039-40 (9th Cir. 2015).  The Restatement (Second) of Torts provides that consent may be indicated by silence or inaction where such silence or inaction manifests a willingness for the conduct in question to happen.  Restatement (Second) of Torts § 892(1) (1979).

Plaintiff's undisputed conduct constitutes implied consent to Ms. Yoshimura's use of the chair.  Construing the record in the light most favorable to Plaintiff, she testified that she was aware of the use of the chair as early as the fall of 2013.  (Ricks Depo. at p. 11, ECF No. 41-2). Plaintiff testified that she learned of the chair in the fall of 2013 and spoke to employees of the Department of Education about the chair but did not express any objection to the use of the chair.  (Id. at p. 33).

Plaintiff stated that she observed M.R. using the chair in the June 2014 ceremony and that she did nothing to indicate that the use of the chair was a problem.  (Id. at p. 31). Plaintiff stated that Ms. Yoshimura informed her that M.R. liked the chair.  (Id.)  Plaintiff never told Ms. Yoshimura or any employee of the Department of Education that she objected to the use of the chair during the 2013-2014 school year. (Id.)  According to Plaintiff, she waited a year after she

29

learned of its use, until November 2014, before she first
voiced concern about the use of the chair to the Department of
Education.  (Id. at p. 35).

There is no evidence that the chair was used without
consent following Plaintiff's claimed objection to its use in
November 2014.  Ms. Yoshimura is entitled to summary judgment
as to Plaintiff's assault and battery claims.

**B.    Qualified Privilege**

Even if implied consent did not exist, Ms. Yoshimura is
still entitled to summary judgment.  Ms. Yoshimura, as a state
employee acting in the performance of her duties as M.R.'s
teacher, holds a qualified privilege that protects her from
Plaintiff's assault and battery claims.

Under Hawaii law, non-judicial government officials
acting in the performance of their public duties enjoy a
"qualified or conditional privilege."  Towse v. State, 647
P.2d 696, 702 (Haw. 1982).  The privilege protects the
official from individual liability for tortious acts unless
the injured party demonstrates by clear and convincing proof
that the official was motivated by malice and not by an
otherwise proper purpose.  Id.; Doe, 351 F.Supp.2d at 1017.

"Actual malice" must be proved to overcome the privilege

for claims of assault and battery.  <u>Wereb v. Maui Cnty.</u>, 727 F.Supp.2d 898, 924 (D. Haw. 2010); <u>Edenfield v. Estate of Willets</u>, 2006 WL 1041724, at *11-12 (D. Haw. Apr. 14, 2006). The Hawaii Supreme Court has held that actual malice for purposes of qualified privilege means "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or a person's legal rights, and ill will; wickedness of heart."  <u>Awakuni v. Awana</u>, 165 P.3d 1027, 1042 (Haw. 2007).

Plaintiff has not presented clear and convincing proof that Ms. Yoshimura was motivated by malice when she used the chair with M.R.  Ms. Yoshimura testified that the chair was used to support M.R. physically, to improve M.R.'s speech and occupational therapy and its use was designed to support his ability to engage in learning, and to eat at the table. Plaintiff has not provided evidence to refute Ms. Yoshimura's testimony.  Plaintiff has speculated that the chair was used either for punishment or discipline but she has provided no evidence to corroborate her claim.

Ms. Yoshimura is entitled to qualified immunity as to Plaintiff's state law assault and battery claims.

Defendants' Motion for Summary Judgment (ECF No. 40) as to Plaintiff's state law claims for assault and battery

against Defendant Joy Yoshimura is **GRANTED**.

Plaintiff's Motion for Summary Judgment (ECF No. 43) as to her assault and battery claims against Defendant Joy Yoshimura is **DENIED**.

## III.      Negligent Infliction of Emotional Distress Against All Defendants

The elements of a claim for negligent infliction of emotional distress ("NIED"), pursuant to Hawaii law, are:

(1)  that the defendant engaged in negligent conduct;

(2)  that the plaintiff suffered serious emotional distress; and,

(3)  that such negligent conduct by the defendant was a legal cause of the serious emotional distress.

Kauhako v. State of Hawaii Bd. Of Ed., Civ. No. 13-00567 DKW-BMK, 2015 WL 5312359, *11 (D. Haw. Sept. 9, 2015).

An NIED claim is merely a negligence claim alleging a wholly psychic injury.  Duty and breach of duty are essential elements of an NIED claim and are analyzed utilizing ordinary negligence principles.  Kahoohanohano v. Dep't of Human Servs., 178 P.3d 538, 582 (Haw. 2008).

Pursuant to HRS § 663-8.9, a party cannot bring an NIED claim unless the emotional distress results in physical injury to or mental illness of the person who experiences the

32

emotional distress.  <u>Doe Parents No. 1 v. Dep't of Educ.</u>, 58
P.3d 545, 580-81 (Haw. 2002).  Requiring physical injury or
mental illness as a predicate injury for an NIED claim
attempts to avoid the possibility of trivial or fraudulent
claims due to the subjective nature of assessing purely
psychological injury, while promoting the purpose of
negligence law.  <u>Id.</u> at 579.

In this case, Plaintiff alleges that she suffered
emotional distress as a result of the Defendants' actions
involving the use of a chair with her son M.R.

Plaintiff claims she learned of the use of the chair in
the fall of 2013.  (Ricks Depo. at p. 11, ECF No. 41-2).
Plaintiff testified that she observed the chair being used on
one occasion, in June 2014.  Plaintiff did not object to the
use of the chair at the June 2014 ceremony.  Plaintiff did not
complain about the use of the chair until November 2014, five
months after she observed M.R. using the chair.  (Ricks Depo.
at p. 35, ECF No. 41-2).

## A.   Complained of Conduct Would Not Cause a Reasonable Person Serious Mental Distress

To prevail on her negligent infliction of emotional
distress claim, Plaintiff must demonstrate that the
Defendants' negligent conduct caused her serious emotional

distress such that a reasonable person would be unable to cope under the circumstances.  <u>Kahoohanohano</u>, 178 P.3d at 582.


Plaintiff has not demonstrated that a reasonable person would suffer serious emotional distress under the circumstances of this case.  There was no evidence that M.R. was ever physically harmed or injured by Defendants' actions. <u>Doe Parents No. 1</u>, 58 P.3d at 580.  Plaintiff was aware of the use of the chair for more than a year but never complained of its use until November 2014, more than five months after she observed the chair in use.

The circumstances of this case do not involve the type of conduct required for a plaintiff to prevail on an NIED claim. NIED claims have been permitted where a plaintiff alleged exposure to HIV-positive blood.  <u>John & Jane Roes v. FHP, Inc.</u>, 985 P.2d 661, 668 (Haw. 1999).  Other claims have been permitted based on the mishandling of a corpse and negligent placement of a child in an environment with a child molester. <u>Freeland v. Cnty of Maui</u>, 2013 WL 6528831, *22 (D. Haw. Dec. 11, 2013).  There are no such comparable facts in this case. The evidence demonstrates that M.R. was seated in a chair, with a seat belt, while there was a teacher or an adult supervising him at all times.

Construing the facts in a light most favorable to Plaintiff, she has not demonstrated that a reasonable person, normally constituted, would suffer serious emotional distress by the circumstances of the case.  <u>Kahoohanohano</u>, 178 P.3d at 582.

### B.    Qualified Privilege

In the alternative, all of the Defendants are entitled to qualified privilege as alleged employees of the State of Hawaii.  There is no evidence that any of the Defendants were motivated by malice in performance of their duties.  <u>Towse</u>, 647 P.2d at 702; <u>Doe</u>, 351 F.Supp.2d at 1017.

Plaintiff has provided no evidence that Defendants Kathryn Matayoshi, Marie Ikeda, Jody Yamauchi-Oku, Jenny Zaboori, Joanne Allagonez, and Kasey Arita were ever motivated by malice with respect to M.R.

Principal Shitaoka testified that he was aware that the chair was used with M.R. in Ms. Yoshimura's classroom but there is no evidence that he acted with malice or disregarded his duties.

Just as with the assault and battery claims, there is no evidence that Ms. Yoshimura acted with "the intent to commit a wrongful act" with "ill will" or with "wickedness of heart."

35

<u>Awakuni</u>, 165 P.3d at 1042.

Defendants' Motion for Summary Judgment (ECF No. 40) as to Plaintiff's NIED claim against them is **GRANTED**.

Plaintiff's Motion for Summary Judgment (ECF No. 43) as to her NIED claims against Defendants Matayoshi, Yoshimura, and Shitaoka is **DENIED**.


**<u>CONCLUSION</u>**

DEFENDANTS KATHRYN MATAYOSHI, JOY YOSHIMURA, JEFFREY SHITAOKA, MARIE INOUYE (fna IKEDA), JODY YAMAUCHI-OKU, JOANNE ALLAGONEZ, AND KASEY ARITA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 40) is **GRANTED, IN PART, AND DENIED, IN PART**.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY OF DEFENDANTS KATHRYN MATAYOSHI, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF THE STATE OF HAWAII DEPARTMENT OF EDUCATION, JOY YOSHIMURA AND JEFFREY SHITAOKA (ECF No. 43) is **DENIED**.

Plaintiff's claims against Defendant Jenny Zaboori are **DENIED**.

The only remaining claim is Plaintiff's claim for a violation of Section 504 of the Rehabilitation Act against Defendant Kathryn Matayoshi in her official capacity as

//

Superintendent of the State of Hawaii Department of Education.

IT IS SO ORDERED.

DATED: March 16, 2017, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Maria Therese Ricks, Individually and as Guardian Ad Litem for her minor son, M.R. v. Kathryn Matayoshi, in her official capacity as Superintendent of the State of Hawaii Department of Education; Joy Yoshimura; Jeffrey Shitaoka; Marie Ikeda; Jody Yamauchi-Oku; Jenny Zaboori; Joanne Allagonez; Kasey Arita; John Does 1-10, Civ. No. 16-00044 HG-KSC; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS KATHRYN MATAYOSHI, JOY YOSHIMURA, JEFFREY SHITAOKA, MARIE INOUYE (IKEDA), JODY YAMAUCHI-OKI, JOANNE ALLAGONEZ, AND KASEY ARITA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 40) and DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY OF DEFENDANTS KATHRYN MATAYOSHI, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF THE STATE OF HAWAII DEPARTMENT OF EDUCATION, JOY YOSHIMURA AND JEFFREY SHITAOKA (ECF No. 43)**

37