IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA THERESE RICKS, as Guardian Ad Litem for her minor son, M.R., <br><br> Plaintiff, <br><br> vs. <br><br> KATHRYN MATAYOSHI, in her official capacity as Superintendent of the State of Hawaii Department of Education, <br><br> Defendant. | CIV. NO. 16-00044 HG-KSC |

**ORDER ADDRESSING <u>FRY v. NAPOLEON COMMUNITY SCHOOLS</u>, 137 S.Ct. 743 (2017)**

On February 22, 2017, the United States Supreme Court issued a decision in <u>Fry v. Napoleon Community Schools</u>, 137 S.Ct. 743, 756 (2017). <u>Fry</u> addressed the exhaustion provision in the Individuals with Disabilities Education Act ("IDEA") and the interplay between the IDEA and the Rehabilitation Act. <u>Id.</u>

On March 24, 2017 at the Final Pre-Trial Conference, the Court instructed the Parties to review the <u>Fry</u> decision and file legal memoranda as to their position on the application of the <u>Fry</u> ruling in the case before this Court. (Minutes at p. 2, ECF No. 119).

1

On March 29, 2017, Defendant filed its Memorandum (ECF No. 121) regarding the Fry decision and Plaintiff filed her Memorandum. (ECF No. 122).

The Court finds the following aspects of the Fry ruling relevant to the case before this Court.

The IDEA establishes formal administrative procedures for resolving disputes between parents and schools concerning the provisions of a free appropriate public education ("FAPE").

The IDEA statute includes an exhaustion provision. The provision provides that a plaintiff bringing suit pursuant to Section 504 of the Rehabilitation Act, or similar laws seeking relief also available under IDEA, must first exhaust the IDEA's administrative procedures. 20 U.S.C. § 1415(*l*).

In Fry, the United States Supreme Court held that the IDEA's exhaustion requirement "hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education. If a lawsuit charges such a denial, the plaintiff cannot escape § 1415(*l*) merely by bringing her suit under a statute other than IDEA." Fry, 137 S.Ct. at 748.

The Supreme Court explained in the Fry decision that "the IDEA guarantees individually tailored educational services, while Title II and § 504 promise non-discriminatory access to public institutions." Id. at 756. A complaint brought

pursuant to the Rehabilitation Act may proceed when it seeks relief based on discrimination, but it may not proceed without exhausting the IDEA's administrative requirements if it seeks relief based on a school district's failure to provide the student with a FAPE. Id. at 756-57.

In this case, Plaintiff was not required to exhaust her Section 504 claim pursuant to 20 U.S.C. § 1415(*l*). Plaintiff seeks monetary damages for intentional discrimination. Such relief is not the type of relief an IDEA hearing officer may award and is not subject to the exhaustion requirement of the IDEA. See Fry, 137 S.Ct. at 752.

IT IS SO ORDERED.

Dated: April 11, 2017, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

Maria Therese Ricks, as Guardian Ad Litem for her minor son, M.R. v. Kathryn Matayoshi, in her official capacity as Superintendent of the State of Hawaii Department of Education, Civ. No. 16-00044 HG-KSC; **ORDER ADDRESSING FRY v. NAPOLEON COMMUNITY SCHOOLS, 137 S.Ct. 743 (2017)**