IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA THERESE RICKS, as Guardian Ad Litem for her minor son, M.R., <br><br> Plaintiff, <br><br> vs. <br><br> KATHRYN MATAYOSHI, in her official capacity as Superintendent of the State of Hawaii Department of Education, <br><br> Defendant. | CIV. NO. 16-00044 HG-KSC |

**ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE Nos. 1, 3, and 4
(ECF Nos. 72, 74, 75)**

**and**

**DENYING PLAINTIFF'S MOTIONS IN LIMINE Nos. 1 and 2
(ECF Nos. 76, 77)**

The single count at trial is Plaintiff's claim against Defendant Kathryn Matayoshi in her official capacity as Superintendent of the State of Hawaii Department of Education alleging a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Both Parties have filed Motions in Limine seeking to exclude evidence at trial.

1

I.  **Defendant's Motions in Limine**

**Def.'s Motion No. 1 (ECF No. 72):**   Motion to Exclude Lay Witness Testimony of Christina Juan, Collyn Chang, and Crystal Amelang

**Def.'s Motion No. 3 (ECF No. 74):**   Motion to Exclude Evidence of or Reference to Other Litigation in Which the Hawaii Department of Education Was a Party

Defendant's Motions No. 1 and 3 seek to preclude Plaintiff from introducing evidence and testimony about litigation and incidents of abuse alleged against the Hawaii Department of Education.

Plaintiff opposes the Defendant's Motions. Plaintiff states that she intends to call the following three witnesses:

(1) Christina Juan, Principal of the Hawaii School for the Deaf and Blind;

(2) Collyn Chang, who claims her daughter was physically abused at a Hawaii Department of Education school; and,

(3) Crystal Amelang, who Plaintiff describes as being a classroom aid who witnessed abuse of other special needs children.

(Pla.'s Opp. at p. 2, ECF No. 92). Plaintiff claims that

the three witnesses' testimony is relevant to a "pattern and practice of using physical restraint and abusing special needs children at DOE schools." (Id.) Plaintiff believes evidence of other litigation is relevant to her case. (Pla.'s Opp. at pp. 3-4, ECF No. 94).

Plaintiff has not established that the testimony of any of the three witnesses is relevant. Evidence is relevant if it has a tendency to make a fact more probable or less probable than it would be without the evidence, and if the fact is of consequence in determining the action. Fed. R. Evid. 401.

None of the three witnesses identified by the Plaintiff have knowledge of a fact that is of consequence in determining the action with respect to M.R. The only issue in this case is if the Defendant violated Section 504 of the Rehabilitation Act with respect to M.R. This is not a class action. The facts of this case are limited to M.R.

A lay witness may testify to a matter only if she has personal knowledge of it. Fed. R. Evid. 602. The lay witness's opinion must be rationally connected to personal knowledge and helpful to the trier of fact. Fed. R. Evid. 701.

A witness has personal knowledge only when testifying

about events perceived through physical senses or when testifying about opinions rationally based on personal observations and experience. United States v. Durham, 464 F.3d 976, 982 (9th Cir. 2006); United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991). Plaintiff does not claim that any of the three witnesses have any personal knowledge regarding M.R. None of the three witnesses claim to have personally observed any events with respect to M.R. None of the witnesses are alleged to have personal knowledge about M.R.'s treatment at Koko Head Elementary School. Testimony as to the experiences of students at other schools operated by the Department of Education is not admissible as it is not helpful to the jury deciding the facts of this case. Calif. Foundation for Indep. Living Ctrs. v. Cnty of Sacramento, 142 F.Supp.3d 1035, 1045 (E.D. Cal. 2015).

The testimony concerning other incidents or allegations of abuse is also not admissible because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Fed. R. Evid. 403; Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir. 2000); Amatucci v. Delaware Hudson Ry. Co., 745 F.2d 180, 183 (2d Cir. 1984) (evidence of injuries suffered by other employees of the defendant had no probative value on the

issues before the jury and should not have been admitted).

To the extent that Plaintiff seeks to introduce the evidence to attempt to prove the Defendant State of Hawaii Department of Education's propensity to engage in abuse, Plaintiff may not use other acts evidence to attempt to prove propensity to engage in wrongful conduct on a particular occasion.  Fed. R. Evid. 404(a); Fed. R. Evid. 404(b)(1); Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (Rule 404 applies in both civil and criminal cases).

Plaintiff has not established that evidence of other lawsuits or litigation involving the State of Hawaii Department of Education is relevant to any material facts in this lawsuit.  Evidence of the nature suggested by Plaintiff regarding other litigation is irrelevant and unfairly prejudicial.  Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001); Reddy v. Nuance Commc'ns, Inc., 2015 WL 4648008, at *1-2 (N.D. Cal. Aug. 5, 2015); In re Homestore.com, Inc., 2011 WL 291176, *1 (C.D. Cal. Jan. 25, 2011) (finding evidence of other litigation is irrelevant and carries a high risk of prejudice).  Such evidence would mislead the jury, confuse the issues, and cause undue delay.  Fed. R. Evid. 403.

Defendant's Motion in Limine No. 1 (ECF No. 72) is

**GRANTED**.

Plaintiff is precluded from calling witnesses Christina Juan, Collyn Chang, and Crystal Amelang to testify at trial.

Defendant's Motion in Limine No. 3 (ECF No. 74) is **GRANTED**.

Plaintiff is precluded from introducing evidence or reference to other cases and litigation involving the State of Hawaii Department of Education or its employees.

**Def.'s Motion No. 4 (ECF No. 75):**  Motion to Exclude Evidence of Hawaii Revised Statutes §§ 302A-114.3 and 302A-1141.4

Defendant seeks to preclude evidence of Hawaii statutes that went into effect after the dates in which Plaintiff alleges M.R. was denied meaningful access to a public education.

Plaintiff may not rely on the newly enacted Hawaii statute as it was not in effect at the time M.R. was enrolled in Hawaii public school.  Evidence of a statute or legal standard that is not applicable to the case at issue is not relevant and is therefore inadmissible. G. v. Hawaii Dept. Of Human Srvcs., 703 F.Supp.2d 1112, 1123 (D. Haw. 2010); Results

ByIQ LLC v. Netcapital.com LLC, 2013 WL 4835838, *3 (N.D. Cal. Sept. 11, 2013). Act 206, codified at Haw. Rev. Stat. §§ 302A-1141.3-.4, was not applicable to the Defendant during the time frame that is relevant to the case. The statute is not applicable to the action before the Court and may not be introduced at trial.

The evidence is also inadmissible because it is prejudicial and would mislead the jury and confuse the issues. Fed. R. Evid. 403.

Defendant's Motion in Limine No. 4 (ECF No. 75) is **GRANTED**.

Plaintiff is precluded from introducing evidence or reference to Haw. Rev. Stat. §§ 302A-1141.3-.4 at trial.

**II. Plaintiff's Motions in Limine**

| **Pla.'s Motion No. 1 (ECF No. 76):** | **Motion to Exclude Testimony of Casey Ricks** |
|---|---|

Plaintiff seeks to exclude the testimony of the father of M.R., Casey Ricks, Plaintiff's ex-husband. Plaintiff claims his testimony would result in unfair prejudice due to the couple's divorce and the nature of their relationship. Defendant opposes the Motion and seeks to call Casey Ricks at trial as he has personal knowledge of disputed facts in this

case.

Federal Rule of Evidence 602 provides that a lay witness may testify about matters on which he has first-hand knowledge. Fed. R. Evid. 602. Federal Rule of Evidence 701 provides that a lay witness may provide opinion testimony when the witness's opinion is rationally connected to the witness's personal perceptions. United States v. Garrido, 596 F.3d 613, 616-17 (9th Cir. 2010) (witness did not have to be a weapons expert to provide lay opinion testimony that he observed defendant carrying a gun); United States v. Beck, 418 F.3d 1008, 1015 (9th Cir. 2005) (lay witness's eyewitness testimony is admissible pursuant to Rule 701 when it is based upon personal observations and recollection of concrete facts).

Casey Ricks' testimony is highly relevant to the central issues in this case. Casey Ricks can testify regarding M.R. and his needs between 2013 and 2015 based on his personal observations and his recollection of concrete facts. Dorn v. Burlington No. Santa Fe R.R. Co., 397 F.3d 1183, 1192-93 (9th Cir. 2005). Casey Ricks can testify as to his knowledge and opinions about his son, and his observations regarding the use of the Rifton chair. United States v. Whittemore, 776 F.3d 1074, 1082-83 (9th Cir. 2015); Ostad v. Oregon Health Sciences Univ., 327 F.3d 876, 886 (9th Cir. 2003). Casey Ricks can

offer testimony as to personal interactions with Department of Education employees. Strong v. Valdez Fine Foods, 724 F.3d 1042, 1045 (9th Cir. 2013).

Plaintiff argues that she will be prejudiced by Casey Ricks' testimony as a result of their divorce and acrimonious relationship. Defendant agrees that it will not seek testimony from Casey Ricks as to the divorce or his current relationship with Plaintiff. (Def.'s Opp. at p. 3, ECF No. 90). Limitation of the testimony to relevant information will avoid prejudicial testimony. Rhead v. Mundy, 2005 WL 5994165, *6-*7 (S.D. Cal. Oct. 21, 2005).

Plaintiff's Motion in Limine No. 1 (ECF No. 76) is **DENIED**.

**Pla.'s Motion No. 2 (ECF No. 77):** **Motion to Exclude Hearsay Statements of Jenny Zaboori**

Plaintiff seeks to exclude all testimony as to the opinions, recommendations, or oral remarks of Jenny Zaboori until and unless Ms. Zaboori is called to testify as a witness.

Ms. Zaboori is an occupational therapist who provided services with respect to M.R. at Koko Head Elementary School.

Plaintiff's Motion is premature. Plaintiff has not

established that all testimony concerning Ms. Zaboori and her opinions, recommendations, and oral remarks would be inadmissible.

Plaintiff may raise an objection at trial to the extent she believes Defendant intends to offer inadmissible hearsay evidence about Ms. Zaboori pursuant to Fed. R. Evid. 802.

Plaintiff's Motion in Limine No. 2 (ECF No. 77) is **DENIED**.

## CONCLUSION

Defendant's Motion in Limine No. 1 (ECF No. 72) is **GRANTED**.

Defendant's Motion in Limine No. 3 (ECF No. 74) is **GRANTED**.

Defendant's Motion in Limine No. 4 (ECF No. 75) is **GRANTED**.

Plaintiff's Motion in Limine No. 1 (ECF No. 76) is **DENIED**.

//

//

//

//

Plaintiff's Motion in Limine No. 2 (ECF No. 77) is

**DENIED.**

IT IS SO ORDERED.

Dated: April 12, 2017, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

Maria Therese Ricks, as Guardian Ad Litem for her minor son, M.R. v. Kathryn Matayoshi, in her official capacity as Superintendent of the State of Hawaii Department of Education, Civ. No. 16-00044 HG-KSC; **ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE Nos. 1, 3, and 4 (ECF Nos. 72, 74, 75) and DENYING PLAINTIFF'S MOTIONS IN LIMINE Nos. 1 and 2 (ECF Nos. 76, 77)**